# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:08-CV-563-GCM-DCK

| | |
|---|---|
| SHELLEY DEAN, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| MICHAEL ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 8) and "Plaintiff's Brief" (Document No. 9), filed May 8, 2009; and Defendant Commissioner's "Motion For Summary Judgment" (Document No. 10) and Defendant's "Memorandum In Support Of The Commissioner's Decision" (Document No. 11), filed July 2, 2009. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the motions are ripe for disposition.

After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that "Plaintiff's Motion For Summary Judgment" be denied; Defendant's "Motion For Summary Judgment" be denied; and that the Commissioner's decision be vacated.

## I. PROCEDURAL HISTORY

Plaintiff Shelley Dean ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. On December 12, 2002, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § *et seq.,* alleging an inability to work due to a disabling

condition beginning October 31, 2001, which was later amended to March 10, 2003. (Transcript of the Record of Proceedings ("Tr.") 22, 177-179). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on February 18, 2003, and again after reconsideration on May 20, 2003. (Tr. 149-152, 154-155). Plaintiff filed a request for a hearing on or about June 17, 2003. (Tr. 156-160). On February 14, 2005, Plaintiff appeared and testified at a hearing before Administrative Law Judge Richard H. Harper ("ALJ"). (Tr. 41-44, 47-85). On or about May 4, 2005, the ALJ issued an unfavorable decision denying Plaintiff's claim. (Tr. 22).

Plaintiff filed a request for review of the ALJ's decision on June 28, 2005. (Tr. 166-167). On September 22, 2006, the Appeals Council issued an order vacating the decision of May 4, 2005 and remanding the case to the ALJ with instructions for further proceedings. (Tr. 145-148). A subsequent hearing was held on December 19, 2006 before ALJ Harper. (Tr. 35-38, 86-126). The ALJ again denied Ms. Dean's claim for disability on March 1, 2007. (Tr. 19-30). The March 1, 2007 decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request on October 22, 2008. (Tr. 9-12).

Plaintiff's "Complaint" (Document No. 1) seeking a reversal of the ALJ's determination was filed in this Court on December 8, 2008. The pending motions are now ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also, Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979)("This court does not find facts or try the case *de novo* when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976)("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between March 10, 2003, and her date last

3

insured, December 31, 2006.[1] (Tr. 22-3). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

On March 1, 2007, the ALJ found that Plaintiff was not "disabled" at any time between March 10, 2003, and the date of his decision. (Tr. 29-30). The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. (20 C.F.R. § 404.1520(a)). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) quoting 42 U.S.C. § 423(d)(1)(A).

(20 C.F.R. § 404.1520(a)(4)(i-v)). In this case, the ALJ determined at the fifth step that the Plaintiff was <u>not</u> disabled.

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity after her alleged disability onset date. (Tr. 23). At the second step, the ALJ found that Plaintiff's fibromyalgia was a severe impairment. (Tr. 23).[2] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 23).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform sedentary and some light work, with the following limitations:

> no frequent or repetitive climbing, balancing, bending, stooping or squatting, and no exposure to unprotected heights or hazardous. She is also limited to jobs that do not require sustained skilled concentration.

(Tr. 27). The ALJ also opined that "the claimant has not met her burden of establishing that she is unable to perform all of the other functions of sedentary ans some light work, including lifting and carrying ten pounds occasionally or carrying articles like docket files, ledgers, and small tools." Id.

At the fourth step, the ALJ found that Plaintiff could not perform her past relevant work (Tr. 28). At the fifth and final step, the ALJ concluded based on the testimony of a vocational expert and " the claimant's age, education, past vocational experience, and residual functional capacity for a limited range of sedentary and some light work" that jobs existed in significant numbers in the

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. <u>See</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137 (1987).

national economy that Plaintiff could perform. (Tr. 29). Specifically, the vocational expert ("VE") testified that according to the factors given by the ALJ, occupations claimant could perform included these semi-skilled jobs: parts lister D.O.T. 229-367-014; personal property assessor D.O.T. 191.367-010; referral clerk D.O.T. 205.367-062; and insurance clerk D.O.T. 219.367-014. (Tr. 28).

In making his assessment, the ALJ considered Plaintiff's subjective complaints of pain, daily activities, statements made by treating and examining physicians, and Plaintiff's medication and its side effects. (Tr. 24). The ALJ found Plaintiff's testimony was credible to the extent that she can no longer perform the skilled concentration required of her past work, but not to the extent she is "disabled" within the meaning of the Social Security Act. (Tr. 24, 28).

Plaintiff on appeal to this Court contends that the ALJ erred by failing to: (1) fully develop the record regarding conflicts between VE testimony and the Dictionary of Occupational Titles ("DOT"); (2) explain the weight given to the treating physicians' opinions; (3) consider the administrative notice of disability; (4) properly evaluate mental impairment; (5) include a function-by-function assessment; (6) evaluate Plaintiff's subjective complaints; and (7) that the ALJ's decision is not supported by substantial evidence. (Document No. 9).

**A. Conflicts Between VE Testimony and DOT**

In his first assignment of error, Plaintiff argues that the ALJ failed to fully develop the record regarding conflicts between the vocational testimony and the DOT as required by SSR 00-4p, and as ordered by the Appeals Council in its September 22, 2006 remand. (Document No.9 at p.13). The Appeals Council in reviewing the May 4, 2005 ALJ decision noted that the ALJ "did not ask the vocational expert if there were any conflicts between her testimony and the DOT." (Tr. 147). Social Security Ruling ("SSR") 00-4P dictates that occupational evidence provided by the VE should be

consistent with the information in the DOT and that the ALJ has a duty to "inquire, on the record, as to whether or not there is such consistency." SSR-00-4P, 2000 WL 1898704 at *2 . The Appeals Council in this case directed that upon remand the ALJ "will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles." (Tr. 148).

The ALJ noted in his opening statement at the December 19, 2006 hearing that the Appeals Council order had pointed out "some errors in the use of vocational testimony, which is why we're back here today." (Tr. 88). Citing the remand, the ALJ did ask the VE to provide DOT numbers; however, the ALJ did not explicitly inquire as to whether the VE's evidence was consistent with the DOT. (Tr. 114-125).

In most pertinent part to this discussion, the ALJ's hypothetical asked whether jobs were available for Plaintiff not "requiring any frequent or repetitive lifting of even five pounds and certainly more than that on a sustained basis." (Tr. 117). The VE testified that there were jobs that met the hypothetical requirements, including parts lister, D.O.T. 229-367-014; personal property assessor, D.O.T. 191.367-010; referral clerk, D.O.T. 205.367-062; and insurance clerk, D.O.T. 219.367-014. (Tr. 118). The VE testified that these jobs were at the light and sedentary levels. Id. The VE went on to testify that the jobs quoted accommodated "the no lifting over five pounds on more than an occasional basis" requirement. (Tr. 119).

Plaintiff's assignment of error focuses on the fact that the VE identified light and sedentary jobs even though the DOT definitions of light and sedentary work allow for a lifting requirement that exceeds the limitation identified by the ALJ for this Plaintiff. (Document No. 9, pp.14-15). Plaintiff argues that the conflict between the VE testimony and the DOT is thus "readily apparent."

7

Id. Although Plaintiff points out that the testimony conflicts with the general definitions of light and sedentary work, Plaintiff does not argue that the demands of the jobs named by the VE are inconsistent with the requirements outlined by the ALJ's hypothetical.

Defendant contends that the record does not show any conflict between the VE's testimony and the DOT. (Document No. 11, p.16). Defendant argues that the specific duties of the specific jobs identified by the VE are consistent with the DOT: "[t]he description in the DOT of the jobs identified by the VE does not indicate duties that require tasks that exceed the limitations of the ALJ's hypothetical." (Document No. 11, pp.16-17).

While it is regrettable that the ALJ did not more strictly adhere to the Appeals Council's direction on remand, or to SSR 00-4P, the undersigned finds that DOT occupational evidence appears to be consistent with the VE's testimony. Contrary to the Appeals Council guidance and SSR 00-4P, the ALJ issued a decision without comment on the record - *presumably* not finding any conflicts to identify or resolve. Although the ALJ should have made the record clearer, the undersigned is not persuaded that there existed an inconsistency that required resolution or analysis. As such, the undersigned will not recommend remand based solely on this alleged assignment of error.

**B. Weight Given To Treating Physicians**

Next, Plaintiff challenges the ALJ's failure to address and explain the weight given to the opinions of her treating physicians. (Document No. 9, p.16). Plaintiff relies on SSR 96-2, which provides:

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently

8

> specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

SSR 96-2, 1996 WL 374188 at *5. Plaintiff also cites 20 C.F.R. § 404-1527 in support of the argument that the ALJ decision was lacking in this capacity:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. . . . We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. § 404-1527 (d)(2).

Specifically, Plaintiff contends that the ALJ failed to properly weigh and document the weights given the opinions of Dr. Richard M. Mitlehner and Dr. Glenn McCain. (Document No. 9, p.17). Defendant contends that the record does not support the limitations indicated by Drs. Mitlehner and McCain, but fails to address Plaintiff's argument that the ALJ's decision itself is insufficient pursuant to SSR 96-2. (Document No. 11, pp.5-8).

It is not disputed that the ALJ discussed the treatments of Drs. Mitlehner and McCain at some length; however, the ALJ decision fails to explain the weight given to the opinions of these doctors. (Tr. 24-27). This Court very recently ordered remand in another case where the ALJ failed to "address in his decision what weight, if any, he gave to the treating physician's" opinion. Miller v. Astrue, 3:09-CV-351-RJC-DCK, 2010 WL 4977063 at *4-5 (W.D.N.C. Nov. 10, 2010) *adopted by* Miller v. Astrue, 3:09-CV-351-RJC-DCK, 2010 WL 49754890 (W.D.N.C. Dec. 1, 2010).

## IV. CONCLUSION

Without expressing any opinion on the remaining assignments of error, or on whether the ultimate result was correct, the undersigned will respectfully recommend that this matter be remanded for reconsideration, consistent with relevant authority. The ALJ's combined failure to explicitly follow the directions of the Appeals Council, or the guidance of relevant authority, including SSR 00-04P, SSR 96-2, and 20 C.F.R. § 404-1527, is sufficient cause for remand.

In addition, the "Decision" section of the ALJ's opinion further undermines the Court's confidence since it appears to refer to an entirely different action:

> It is the decision of the Administrative Law Judge that, based on Title II and Title XVI applications filed on **May 8, 2002**, the claimant is not entitled to a period of disability insurance benefits under section 216(i) and 223, respectively of the Social Security Act, and **he** is not eligible for **supplemental security income** under sections 1602 and 1614(a)(3)(A) fo the Act.

(Tr. 29-30)(emphasis added). The ALJ decision thus confuses Plaintiff, Ms. Dean, with a male claimant who filed an application on a different date, and who, unlike her, sought supplemental security income.

The undersigned finds that the errors in the ALJ's decision leave the undersigned unable to confidently conclude that substantial evidence supports the Commissioner's decision. As such, the undersigned will recommend that the Commissioner's decision be vacated and this matter remanded for reconsideration.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 8) be **DENIED**; Defendant

Commissioner's "Motion For Summary Judgment" (Document No. 10) be **DENIED**; and that the Commissioner's determination be **VACATED** and this matter **REMANDED** for reconsideration of the record and a new hearing.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Graham C. Mullen.

**IT IS SO RECOMMENDED**.

Signed: December 22, 2010

David C. Keesler
United States Magistrate Judge